J-S65029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREEM RIVERS | : | |
| | : | |
| Appellant | : | No. 1758 EDA 2016 |

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0703221-1996

BEFORE: OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED JANUARY 16, 2018**

Tyreem Rivers appeals, *pro se*, from the order dismissing, as untimely filed, his third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Rivers seeks relief from the judgment of sentence of a term of life imprisonment imposed on September 16, 1997, following his non-jury conviction of second-degree murder, robbery, theft and receiving stolen property.[2] On appeal, Rivers contends the PCRA court erred in dismissing his petition as untimely when he established two exceptions to the time-for-filing requirements. For the reasons below, we affirm.

The pertinent facts and procedural history underlying this appeal are well-known to the parties, and aptly summarized in the PCRA court's opinion.

_____

[1] *See* 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 2502, 2701, 3921, and 3925, respectively.

*See* PCRA Court Opinion, 10/5/2016, at 1-7. Accordingly, we need not reiterate them herein. We note only that the present petition, filed on January 14, 2013, and supplemented on January 16, 2015, is Rivers' third request for collateral relief. After providing proper notice of its intent to dismiss the petition without first conducting an evidentiary hearing, the PCRA court entered an order on May 4, 2016, dismissing the petition as untimely filed. Thereafter, on May 26, 2016, Rivers filed this appeal, accompanied by a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." *Id.* at 1284 (citations omitted).

The PCRA court concluded Rivers' petition was untimely filed, and Rivers failed to establish the applicability of one of the time-for-filing exceptions. *See* PCRA Court Opinion, 10/5/2016, at 7-12.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951

> A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

Here, Rivers' judgment of sentence was final on April 3, 2000, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal from his direct appeal, and he failed to petition for a writ of *certiorari* in the United States Supreme Court. **See id.** at § 9545(b)(3); United States Supreme Court Rule 13. Therefore, he had until April 3, 2001, to file a timely petition, and the one before us, filed nearly 12 years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Rivers contends his claims meet two of the time-for-filing exceptions. First, he argues the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), made retroactive by the Court's subsequent decision in **Montgomery v. Louisiana**, \_\_\_ U.S. \_\_\_, 136 S.Ct. 718 (2016), constitutes a newly recognized constitutional right pursuant to Section 9545(b)(iii). In **Miller**, the Supreme Court held that "mandatory life without parole for those **under the age of 18** at the time of their crimes violates the

Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller***, ***supra***, 567 U.S. at 465 (emphasis supplied). Although Rivers acknowledges that he was 18 years old at the time of the crime,[3] he insists "it is 'equally unconstitutional' to sentence an 18 year old teenage child/minor to the same cruel and unsual (sic) punishment of [life without parole] as banned by the 8th Amendment of the U.S. Constitution." Rivers' Brief at 6.

Second, Rivers asserts he met the "newly discovered facts" exception codified at Section 9545(b)(ii). Specifically, he claims he learned from a November 2014 newspaper article that his first PCRA attorney, James Bruno, was suspended from the practice of law after being "diagnosed with multiple mental health problems … which ultimately caused counsel to be extremely neglectful improperly handling homicide appeals." Rivers' Brief at 11. Within 60 days of reading the newspaper article, Rivers filed a supplement to his January 2013 petition. He maintains that, before he read the article, it would have been "impossible" for him to discover Bruno suffered from mental illness that caused him to negligently handle Rivers' first petition. ***Id.*** at 13. Accordingly, Rivers contends the PCRA court erred in dismissing his petition as untimely filed.

---

[3] Rivers was born on November 27, 1977, and the crime occurred on May 3, 1996. Accordingly, Rivers was approximately 18 and one-half years old at the time he committed the offense.

Upon our independent review of the record, the parties' briefs, and the relevant statutory and case law, we conclude the PCRA court thoroughly discussed and properly disposed of Rivers' claims in its opinion. *See* PCRA Court Opinion, 10/5/2016, at 7-12 (finding (1) Rivers' petition was facially untimely; (2) Rivers did not establish the newly discovered fact exception because (a) his claim is essentially an allegation of the ineffective assistance of prior PCRA counsel, (b) prior counsel was suspended for actions unrelated to Rivers' case,[4] and (c) prior counsel's disciplinary history was "publicly available for years," including when Rivers was represented by different counsel;[5] and (3) Rivers did not establish the newly recognized constitutional right exception because he was 18-years-old at the time of the offense, and the "*Miller* holding is specifically limited to juveniles *under* eighteen years of

---

[4] Prior counsel represented Rivers from June of 2000 until June of 2004, during which time counsel filed an amended PCRA petition on Rivers' behalf. *See* PCRA Court Opinion, 10/5/2006, at 3-4. The news article, from which Rivers learned of counsel's temporary suspension, stated that counsel was suspended for two years, retroactive to February of 2013. Supplemental PCRA petition, 1/16/2015, Exhibit A. Furthermore, the article did not provide any basis for Rivers to conclude counsel's recently diagnosed psychological disorders affected his representation of Rivers many years earlier. *See id.* ("Before a psychologist identified the disorders in a 2011 diagnosis, they caused Bruno to forget to file pleadings, petitions, and appeal notices, as well as provide his clients with updates. None of the clients' proceedings suffered irreparable harm from Bruno's mistakes the ruling states.").

[5] PCRA Court Opinion, 10/5/2016, at 11.

age at the time they committed murder.").[6]  Accordingly, we rest upon the

PCRA Court's well-reasoned opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/2018

---

[6] *Id.* at 12.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :      CP-51-CR-0703221-1996

v.                           :      1758 EDA 2016

TYREEM RIVERS              :

                               :

### OPINION

Rose Marie DeFino-Nastasi, J.

**FILED**

OCT 05 2016

Criminal Appeals Unit
First Judicial District of PA

### PROCEDURAL HISTORY

On September 16, 1997, following a bench trial before the Honorable David N. Savitt, Petitioner was convicted of Second Degree Murder, 18 Pa.C.S. § 2502(b), as a felony of the first degree; Robbery, 18 Pa.C.S. § 3701, as a felony of the first degree; Theft by Unlawful Taking, 18 Pa.C.S. § 3921, as a misdemeanor of the first degree; and Theft by Receiving Stolen Property, 18 Pa.C.S. § 3925, as a misdemeanor of the first degree. Petitioner was sentenced that same day to a mandatory sentence of life without parole.

On July 30, 1999, the Superior Court affirmed the judgment of sentence.

On January 4, 2000, the Pennsylvania Supreme Court denied *allocatur*.

On June 13, 2000, Petitioner filed a *pro se* petition under the Post Conviction Relief Act (PCRA), claiming:

1. Violation of due process and equal protection rights.

2. Ineffective assistance of counsel.

3. Abandonment of counsel.

CP-51-CR-0703221-1996 Comm. v. Rivers, Tyreem
Opinion



7508365501

1

4. "Failure to file timely appeal as requested for post-sentence motion and Supreme Court."

5. Failure to call witnesses and/or character witnesses as requested.

6. Improper identification.

7. Trial court erred in allowing tainted identification.

8. Failure of trial judge to furnish presentence report.

9. Trail judge erred in denying suppression motion.

10. Suppression of all physical evidence, statements, and tangible things.

11. Lack of probable cause to arrest.

12. Search warrant/affidavit defective/lacking probable cause.

13. Failure to give proper Miranda rights.

14. Prosecutorial misconduct through prejudicial remarks.

15. Failure to disclose evidence (prosecution witness).

16. Trial court erred in allowing illegal testimony of Commonwealth witness.

17. "Counsel abandoned not guilty plea to guilty plea without clients consent or knowledge during closing arguments."

18. Denial of procedural due process.

19. Deliberate indifference.

20. Gross negligence.

21. Lack of due diligence.

22. Defective/inadequate P.S.I. report.

23. Defective execution of search warrant.

On June 20, 2000, James Bruno, Esq. was appointed PCRA counsel. He filed an amended PCRA petition and memorandum of law on April 10, 2003, wherein he argued that trial counsel was ineffective for failing to call two fact witnesses, Barbara Thompson and Margie Rivers.

On August 21, 2003, Petitioner filed a *pro se* supplemental petition, claiming, *inter alia*:

1. All previous counsel was ineffective throughout Petitioner's judicial proceedings.

2. "In matters of appellate review, counsel abandoned claim of Petitioner being subjected to an unduly and suggestive in-court identification" despite having preserved the matter in the trial court.

3. "Petitioner was unreasonably denied appellate review before the Superior Court when attorney Gerald Stein failed to have adequately presented issues of no probable cause to arrest and that Petitioner's arrest was illegal whereas any subsequent confessions or statements following such an arrest were constitutionally impermissible before the trial court at [the] suppression hearing."

4. Trial counsel was ineffective for failing to call and/or interview witnesses Barbara Thompson, Lateek Harrison, and Margerie Rivers.

5. Trial counsel "directly and/or indirectly assisted the Commonwealth's attorney in persuading the trial court that Petitioner took part in the accused crime."

6. Trial counsel instructed Petitioner to waive his right to a jury trial because counsel had a close relationship with the Judge and told Petitioner "they would work something out in [his] best interest."

7. Counsel failed to sequester Commonwealth witness, Thomas Antonelli, from the preliminary hearing.

3

8. Assistant District Attorney, Emory Cole, failed to disclose to counsel that an eyewitness to the crime was present at the preliminary hearing.

9. "Through ill instruction of detectives, a lack of preparation on Counsels behalf, and the failure of the prosecutor to disclose its (eye witnesses presence therein) Petitioner was denied his right to seek a line up."

10. The trial court erred when it denied Petitioner's motion to suppress because no probable cause existed and no exigent circumstances existed for the warrantless arrest of Petitioner in his home.

11. The trial court erred when it failed to suppress the unduly and suggestive in-court identification of Petitioner during preliminary proceedings.

On October 9, 2003, the Commonwealth filed a Motion to Dismiss.

On December 10, 2003, the court issued a 907 notice.

On January 21, 2004, the court formally dismissed the PCRA petition.

On February 19, 2004, Petitioner filed a *pro se* notice of appeal to the Superior Court.

On March 18, 2004, Petitioner filed a motion to proceed *pro se*. In that motion, Petitioner argued that Attorney Bruno only raised one issue in the amended PCRA petition even though Petitioner raised multiple issues in his *pro se* filings.

On April 19, 2004, the Superior Court remanded the case to the PCRA court to conduct a hearing pursuant to *Com. v. Grazier*, 713 A.2d 81 (Pa. 1998).

On June 10, 2004, Attorney Bruno was permitted to withdraw. Edward Meehan, Esq. was appointed PCRA counsel.

On July 1, 2004, Petitioner sent Judge Savitt correspondence wherein he stated that he was "pursuing my right to self-representation in a *pro se* fashion on appeal and waiving Mr.

4

Meehan's representation pursuant to Pa.Crim.P. 121 and the mandates set forth in *Com. v. Grazier* in relation to making a knowing and intelligent waiver."

On November 4, 2005, the Superior Court remanded the case to the PCRA court to conduct a second *Grazier* hearing.

On February 21, 2006, Attorney Meehan was relieved as PCRA counsel.

James Lammendola, Esq. was appointed and filed a brief on Petitioner's behalf in the Superior Court on May 25, 2006, wherein he argued that:

1. Trial counsel was ineffective for failing to present two witnesses, Barbara Thompson and Margie Rivers who were available for trial.

2. Trial and appellate counsel were ineffective for failing to properly preserve the claim that the Appellant's arrest was not based on probable cause.

3. Trial and Appellant counsel were ineffective for failing to property preserve the claim that the identification at the preliminary hearing should have been inadmissible since his attorney was not present at the line-up.

4. Trial and Appellate counsel were ineffective for failing to properly preserve the claim that the in-court identification was unduly suggestive

On August 30, 2006, the Superior Court affirmed. In its Opinion, the Court held that although claims (2), (3), and (4) were waived because they were not raised before the PCRA court, all of Petitioner's claims were without merit even if they had been properly preserved. *Com. v. Rivers*, 633 EDA 2014.

The Supreme Court denied *allocatur* on January 23, 2007.

On May 3, 2007, Petitioner filed a *Writ of Habeas Corpus* raising the same exact four claims raised by Attorney Lammendola in the appellate brief stated *supra*. He also claimed that

5

trial counsel was ineffective "by improperly instructing Petitioner to make an unintelligent waiver of his constitutional right to be tried by a fair and impartial jury," and that trial counsel was ineffective "based on his [ongoing] willingness to concede guilt upon Petitioner during closing arguments[,] altering his client's not guilty plea[] to a plea of guilty without any professional reason or client consent." Petitioner's *writ* was denied by the United States District Court for the Eastern District of Pennsylvania on June 25, 2008.

On May 6, 2009, Petitioner filed an untimely, second PCRA petition, which was dismissed without a hearing on February 11, 2011. On June 13, 2012, the Superior Court affirmed. On November 20, 2012, the Supreme Court denied *allocatur*.

On January 14, 2013, Petitioner filed the instant PCRA petition, his third, claiming that:

1. Pursuant to *Miller v. Alabama* and *Jackson v. Hobbs*, mandatory life without parole terms for adults in non-homicide and homicide cases violate state and federal equal protection clauses, as well as art. 7 of the Universal Declaration of Human Rights.

2. Mandatory life without parole terms for individuals over age 17 but below age 25 violate the Eight Amendment, art. 5 of the Universal Declaration of Human Rights, and Art I, §13 of the Pennsylvania Constitution.

3. A new trial with a "life qualified" jury must be awarded because Petitioner's age changes the possible punishment for second degree murder.

On January 16, 2015, Petitioner filed a supplemental PCRA petition, claiming after-discovered evidence in the form of a November 16, 2014 Philadelphia Daily News Article detailing Attorney Bruno's November 13, 2014, suspension from the practice of law for a period of two years retroactive to February 26, 2013.

On January 19, 2016, the Commonwealth filed a Motion to Dismiss.

On February 29, 2016, Petitioner filed a response to the Commonwealth's motion.

On April 1, 2016, the PCRA court issued a 907 notice.

On April 22, 2016, Petitioner filed an untimely response to the 907 notice, reiterating the claims set forth in his PCRA petition.

On May 4, 2016, the court formally dismissed the PCRA petition.

On May 26, 2016, Petitioner filed the instant appeal to the Superior Court and contemporaneously filed a Rule 1925(b) Statement of Matters Complained of on Appeal, claiming that:

1. PCRA counsel, James Bruno, Esq., was ineffective on collateral appeal. (Petitioner classifies this claim as after-discovered evidence); and

2. The PCRA court erred in denying relief because Petitioner's sentence is illegal under *Miller v. Alabama* and *Montgomery v. Louisiana*. (Petitioner classifies this claim as one involving a constitutional right recognized by the Pennsylvania Supreme Court and held to apply retroactively).

## ANALYSIS

Petitioner's judgment of sentence became final on April 3, 2000, when the ninety-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired, making the instant PCRA petition filed January 14, 2013, patently untimely. *See* 42 Pa.C.S. § 9545(b)(3).

The timeliness of a PCRA petition is a jurisdictional requirement. *Com. v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citing *Com. v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011)). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the

7

petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1)-(2).

If a petition is filed after that one year date, the general rule is that the PCRA court lacks jurisdiction to hear the petition. However, § 9545(b) provides for three limited exceptions to the general rule in which such a petition may be filed beyond that one-year period:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(i)-(iii), (2).

### Issue I

Petitioner argues that counsel for his first PCRA petition, James Bruno, Esq., was ineffective for failing to raise all of the ineffective assistance of trial counsel claims that

8

Petitioner raised in his *pro se* PCRA petition in an amended petition. It is well-settled that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. *Com. v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Since his petition is untimely, Petitioner attempts to circumvent the PCRA jurisdictional time-bar by raising this ineffectiveness claim as an after-discovered evidence claim. The after-discovered evidence on which he bases this claim is a November 16, 2014 Philadelphia Daily News article discussing Attorney Bruno's November 14, 2014 suspension from the practice of law for two years, retroactive to his previous, temporary suspension in February 2013. *See* Jan. 16, 2015 Supplemental Petition.

A facially untimely PCRA petition attempting to raise a substantive after-discovered evidence claim must first establish jurisdiction by pleading and proving an exception to the PCRA time-bar. 42 Pa.C.S. § 9545(b)(1). Pennsylvania courts have repeatedly referred to § 9545(b)(1)(ii) as the "after-discovered evidence" exception to the one-year jurisdictional time limitation. *Com v. Bennet*, 930 A.2d 1264, 1270 (Pa. 2007) (citing *Com. v. Peterkin*, 722 A.2d 638, 643 (Pa. 1998)). This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence."[1] Rather, the "new facts" exception in § 9545(b)(1)(ii) requires the petitioner to establish that: (1) the **facts** upon which the claim was predicated were **unknown**; and (2) could not have been ascertained by the exercise of **due diligence**. Thus, the new facts exception at § 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim; the merits analysis is governed by Section 9543(a)(2)(vi).

---

[1] In fact, when the Legislature intended a claim of "after-discovered evidence" to be recognized under the PCRA, it has done so by language closely tracking the after-discovered evidence requirements. *See* 42 Pa.C.S. § 9543(b)(vi) (requiring that the evidence be "exculpatory" and "would have changed the outcome of the trial . . .").

Petitioner's "attempt to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction is unconvincing." *Gamboa-Taylor*, 753 A.2d at 785.[2] Petitioner has failed to plead and prove the applicability of Section § 9545(b)(1)(ii) to his "newly-discovered evidence" of Attorney Bruno's suspension, and therefore, this court is without jurisdiction to grant relief. A conclusion that previous counsel was ineffective for failing to raise certain claims in an amended PCRA petition, based solely on evidence that counsel was suspended for actions unrelated to Petitioner's case[3], is **not** the type of evidence encompassed by the exception. *Id.* at 785 (emphasis added); *Bennet*, 930 A.2d at 1272 (reiterating that Pennsylvania courts "firmly rejected any such attempts 'to circumvent the one-year time limitation' via claims of PCRA counsel ineffectiveness"); *Com. v. Lark*, 746 A.2d 585, 589-90 (Pa. 2000) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into the exceptions to the jurisdictional time-bar).

Furthermore, the Pennsylvania Supreme Court has held that "for purposes of the PCRA time-bar, the mere discovery of trial counsel's disciplinary proceedings which were publicly disseminated years earlier will not be considered 'facts unknowable'" to a PCRA petitioner.

---

[2] The inapplicability of the after-discovered evidence exception to the type of evidence Petitioner proffers further demonstrates that Petitioner's claim is, in fact, an ineffective assistance of PCRA counsel claim. "A PCRA petitioner cannot avoid the one-year time bar by tailoring the factual predicate of the claim pled in his PCRA petition in a way that unmistakably misrepresents the actual nature of the claim raised." *Com. v. Watts*, 23 A.3d 980, 985-986 (Pa. 2011) (*quoting Com. v. Hackett*, 956 A.2d 978, 984 (Pa. 2008)).To obtain relief on a substantive after-discovered evidence claim under the PCRA, a petitioner must demonstrate that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *Com. v. Washington*, 927 A.2d 586, 595-96 (Pa. 2007). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Com. v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010).

[3] Attorney Bruno was diagnosed with attention deficit-hyperactivity disorder (ADHD) and depression. The basis for his suspension included failures to file responses to pleadings, comply with court orders, timely file Petitions for Allowance of Appeal and Notices of Appeal to the Superior Court, keep clients informed of the status of matters being handled, and respond to clients' letters and telephone calls. *Office of Disciplinary Counsel v. Bruno*, No. 1910 Disciplinary Docket No. 3, *4-9 (Nov. 14, 2014). The Report states that "[n]one of the clients suffered irreparable harm, because all were ultimately permitted to pursue their appellate and PCRA claims despite [Bruno's] failure to file them on time." *Id.* at p. 9.

10

*Com. v. Feliciano*, 69 A.3d 1270, 1278 (Pa. Super. 2013) (citing *Com. v. Lopez*, 51 A.3d 195, 198 (Pa. 2012)) (Castille, J., concurring). The court is cognizant that the Pennsylvania Superior Court in *Burton* held that presumption of access to information available in the public domain does not apply to *pro se* petitioners for post-conviction relief. *Com. v. Burton*, 121 A.3d 1063 (Pa. Super. 2015). In *Burton,* the appellant discovered a confession made by his co-defendant in a motion to expunge years after the trial, when Burton was not represented by counsel. A petition for allowance of appeal was granted on April 6, 2016 to determine whether this decision "contravene[d] established precedent." *Com. v. Burton,* 134 A.3d 446 (Pa. 2016). *Burton* is inapposite to the instant case since Petitioner did not proceed *pro se* until January 2007.

The Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania reflect that Attorney Bruno's disciplinary history dated back to 1988. This information was publicly available for years, including during the time that Attorney Bruno represented Petitioner from June 2000 to June 2004, and at the time that Petitioner was represented by James Lammendola, Esq. in 2006. Since Petitioner was represented by counsel and these facts were easily discoverable and in the public record for longer than 60 days before this petition was filed, the petition is time-barred. *Lopez*, 51 A.3d at 196.

Furthermore, Attorney Bruno filed a timely amended petition in the instant case. Although Petitioner claims that Bruno did not raise all the issues Petitioner wanted raised, Attorney Lammendola filed the appellate brief following the denial of the PCRA petition and reviewed the entire case subsequent to Bruno's withdrawal. Moreover, Petitioner does not state with any specificity how Attorney Bruno's ADHD and/or depression affected his particular case.

Therefore, the PCRA court is without jurisdiction to address the merits of this claim.

11

**Issue II**

Petitioner next argues that the PCRA court erred in denying relief because his sentence is illegal under *Miller v. Alabama*, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). The United States Supreme Court's decision in *Miller* held that it is unconstitutional to sentence individuals who were under eighteen years of age at the time of their offense to a mandatory minimum sentence of life imprisonment without the possibility of parole. The Court in *Montgomery* held that *Miller* applies retroactively.

It is undisputed that Petitioner was eighteen years-old at the time he committed the murder. The *Miller* holding is specifically limited to juveniles *under* eighteen years of age at the time they committed murder. *See Miller*, 132 S.Ct. at 2460; *Com. v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013) (refusing to extend *Miller* to individuals eighteen years of age or older at time murder committed). Therefore, the holding in *Miller* is inapplicable to Petitioner's case, and Petitioner has failed to plead and prove a timeliness exception with respect to this claim.

**CONCLUSION**

Based on the foregoing, the court's denial of the PCRA petition should be affirmed.

By the Court:

Rose Marie DeFino-Nastasi, J.

12

**Commonwealth v. Tyreem Rivers**
**CP-51-CR-0703221-1996**
**Opinion**

## Proof of Service

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Petitioner:
Tyreem Rivers, DK 2865
SCI Dallas
Follies Road, Drawer K
Dallas, PA 18612

Type of Service:  ( ) Personal  (x) First Class Mail  ( ) Other, Please Specify:

District Attorney:
Philadelphia District Attorney's Office
PCRA Unit
Widener Bldg.
3 South Penn Square
Philadelphia, PA  19107

Type of Service:  ( ) Personal  ( ) First Class Mail  (x) Inter-Office

Date:  10/05/2016

Lauren Alfaro, Esq.
Law Clerk to the Honorable Rose Marie DeFino-Nastasi